# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LADELL A. EVANS,

    Plaintiff,

v.                                                Case No. 22-CV-1255

AARON A. BAMKE, LT. PAUL,
GARY HOFFMAN, JAMES GREEN,
BRITTANY A. NELSON, SGT. JOHN DOE,
CO JANE DOE, and CO JOHN DOE 2,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On October 24, 2022, plaintiff LaDell A. Evans, who is incarcerated at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights. (ECF No. 1.) Evans also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 5.) On November 21, 2022, Evans filed a motion for a temporary restraining order (ECF No. 9.) On January 30, 2023, he filed a second motion for a temporary restraining order. (ECF No. 12.) In addition to screening the complaint, this order will also resolve Evans's motion for leave to proceed without prepayment of the filing fee and his motions for a temporary restraining order.

The court has jurisdiction to resolve Evans's motions and to screen the complaint in light of Evans's consent to the full jurisdiction of a magistrate judge

and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Evans was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 15, 2022, Evans filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 5.) On November 16, 2022, the court ordered Evans to pay an initial partial filing fee of $0.24 by December 16, 2022. (ECF No. 8.) Evans paid that fee on December 13, 2022. The court will grant Evans's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Evans was incarcerated when he filed his amended complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity

2

or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

3

The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Evans's Allegations*

Evans alleges that on June 22, 2022, unidentified officers placed him into cell 306 in the Restricted Housing Unit (RHU) knowing that it had feces smeared over the cell. (ECF No. 1, ¶¶ 13-17.) Specifically, there was feces and saltine crackers shoved into a vent, and the unidentified officers refused to clean it up .(*Id.*)

Because he was in a cell with another person's feces, Evans felt the urge to self-harm. (ECF No. 1, ¶ 18.) He found a razor blade on the sink in his cell. (*Id.*) He told the unidentified officers that he found a razor blade and was going to cut himself if they didn't remove him from the dirty cell. (*Id.*)

At that point, defendant Jane Doe called for defendant Aaron Bamke to report to Evans's cell. (ECF No 1, ¶ 19.) Bamke attempted to get the razor blade from Evans, but he refused to clean the cell. (*Id.*) Bamke did not successfully remove the razor blade from Evans's cell. (*Id.*)

At some point in the evening, Evans began cutting himself with the razor blade. (ECF No.1, ¶ 22.) Jane Doe, while doing wellness checks, saw him cutting himself but did nothing. (*Id.*, ¶ 23.) After an hour and a half of cutting himself, defendant Lt. Paul came to Evans's cell and saw that he had been cutting himself on his leg. (*Id.*, ¶ 24.) Paul apparently told Evans he would be back to help him, but he never came back. (*Id.*)

4

Evans then began to cut open his left forearm. (ECF No. 1, ¶ 26.) Bamke saw him cutting and saw Evans's blood but did nothing. (*Id.*, ¶¶ 27-29.) Another inmate called the security station using the Emergency Call button on Evans's behalf, and defendant Sgt. John Doe stated he did not see any blood in Evans's cell and did not help Evans. (*Id.*, ¶¶ 30-31.) Over the course of the evening, defendants John Doe 2, Gary Hoffman, James Green, and Brittany A. Nelson all saw Evans cutting himself but did nothing to stop him. (*Id.*, ¶¶ 32-39.)

*Analysis*

Evans claims that the defendants violated his constitutional rights when they refused to clean his cell and ignored his threats of self harm. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). "The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the minimal civilized measure of life's necessities' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v.*

5

Case 2:22-cv-01255-NJ    Filed 03/20/23    Page 5 of 11    Document 14

*Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). In instances of self-harm or suicide, a plaintiff must "allege plausibly that prison staff (1) knew of a significant likelihood that he would imminently attempt suicide and (2) failed to take reasonable steps to prevent his attempt." *Davis-Clair v. Turck*, 714 Fed A'ppx 605, 606 (7th Cir. 2018).

Evans does not identify any of the officers except for Bamke who refused to clean his cell. Nevertheless, he may proceed on an Eighth Amendment conditions of confinement claim against Bamke and additional John or Jane Doe officers for refusing to clean the feces out of his cell. The court will direct the clerk of court to add the additional Doe defendants to the caption.

Evans may also proceed against Bamke, Paul, Hoffman, Green, Nelson, Sgt. John Doe, CO Jane Doe, an CO John Doe 2 for failing to intervene when Evans was cutting himself with a razor. Because Evans includes several Doe defendants in the complaint, he will need to send the named defendants discovery requests to identify the real names of the Doe defendants. Once the named defendants answer the complaint, the court will issue a scheduling order providing more information about identifying the Doe defendants.

Evans sues all defendants in both their individual and official capacities. A suit against a state official in his or her official capacity is a suit against the official's office. As such, it is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Evans's official capacity claims against the defendants are therefore claims against the state. Where a plaintiff seeks damages rather than injunctive relief, "neither a State nor its officials acting

6

in their official capacities are 'persons' under § 1983." *Id*. However, where a plaintiff seeks injunctive relief, such claims are permissible under § 1983. These claims require that the entity's policy or custom have played a part in the constitutional violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Here, while Evans seeks injunctive relief requiring the Wisconsin Department of Corrections to transfer him to a mental health facility, he does not allege any policies or customs that caused the defendants' alleged deliberate indifference. He may not proceed against the defendants their official capacities.

## MOTIONS FOR TEMPORARY RESTRAINING ORDER

Evans filed two motions for a temporary restraining order. The first requests to be transferred to a mental health facility. (ECF No. 9) The second requests to be moved away from defendant Gary Hoffman for fear of retaliation. (ECF No. 12.)

In order to receive injunctive relief, either through a temporary restraining order or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health*, 669 F.3d 962, 972 (7th Cir. 2012). Prisoner litigation also has an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).

7

In both instances, Evans has an adequate remedy at law as he can receive monetary damages for the claims that underlie both motions. Additionally, the court cannot interfere in the day-to-day functions of the Wisconsin Department of Corrections. "Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials . . .; federal judges know little about the management of prisons, managerial judgment generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state how to run its prison system." *Scarveu v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (citing *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985)). In other words, it would be inappropriate for the court to dictate whether Evans should be transferred to a different institution or whether a special needs placement against a correctional officer should be imposed. Green Bay Correctional Institution has an inmate complaint system which Evans must use to address these issues. If after he exhausts his administrative remedies, and he feels that his rights were violated, he may file a suit under § 1983. His motions for a temporary restraining order are denied.

**THEREFORE, IT IS ORDERED** that Evans's motion for leave to proceed without prepaying the filing fee (ECF No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that Evans's motions for a temporary restraining order (ECF Nos. 9, 12) are **DENIED**.

**IT IS FURTHER ORDERED** that the clerk add "Additional John and Jane Doe Defendants" to the caption.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Aaron A. Bamke, Lt. Paul., Gary Hoffman, James Green, and Brittany A Nelson. It is **ORDERED** that, under the informal service agreement, these defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Evans shall collect from his institution trust account the $349.76 balance of the filing fee by collecting monthly payments from Evans's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Evans is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Evans is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, Evans may make discovery requests (written questions or requests for documents) on the named defendants in an effort to identify the real name of the Doe defendants. Once he

9

knows the real names of the Doe defendants, he should file a motion identifying their real names. Against, Evans should not serve any discovery request upon the named defendants until *after* the court enters a scheduling order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Evans is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Evans is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Evans failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Evans may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 20th day of March, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge